IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAMPBELL S. PALIZZI, CHERYL L. PALIZZI
and DALTON N. PALIZZI by his next friend
and guardian, CHERYL L. PALIZZI,

    Plaintiffs,

v.                                  Civil Action No. 5:09CV60
                                                   (STAMP)
PGT TRUCKING, INC. and KENNETH W. LAYMAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Brooke County, West Virginia, alleging that Mr. Palizzi suffered personal injuries when his vehicle was negligently struck from behind by the defendants' tractor-trailer, operated by Kenneth W. Layman, and under the authority of PGT Trucking, Inc. Ms. Palizzi and DNP are asserting claims for marital and parental consortium, respectively. Following removal of the action to this Court, the plaintiffs filed a motion to remand to which the defendants filed a response, and the plaintiffs did not reply. For the reasons set forth below, the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the

amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount.

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested.  Rather, in their complaint, the plaintiffs request only "compensatories in an amount to be determined by a jury, together with attorney fees and costs." (Pls.' Compl. 4.)  The defendants state that the amount in controversy is in excess of the jurisdictional minimum because the plaintiffs are making claims for permanent injuries, past and future pain and suffering, past and future medical treatment, lost wages, loss of earning capacity, and loss of marital and parental consortium.  Moreover, the defendants claim that plaintiffs' counsel would not agree to a stipulation that the plaintiffs cannot collect on any judgment or verdict in excess of $75,000.00.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy.  The defendants' removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.  <u>See</u> <u>Varela v. Wal-Mart</u>

3

Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932 (S.D. W. Va. 1996).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00, exclusive of interests and costs. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Furthermore, to be operative, a disclaimer must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001) (emphasis added). Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiffs' motion to remand must be granted. Nothing prevents, however, the defendants from filing a second notice of removal upon receipt of an amended complaint or some

"other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: July 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).